IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

LANCE YOSHIMURA,                )    Civil No. 15-00292 HG-RLP
                                )
               Plaintiff,       )
                                )
                                )
          vs.                   )
                                )
                                )
HAWAII CARPENTERS UNION LOCAL   )
745 nka THE HAWAII REGIONAL     )
COUNCIL OF CARPENTERS; RONALD   )
I. TAKETA; JOHN DOES 1-10; JANE )
DOES 1-10; DOE PARTNERSHIPS 1-  )
10; DOE CORPORATIONS 1-10; AND  )
DOE GOVERNMENTAL ENTITIES 1-10, )
                                )
               Defendants.      )
_____ )

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
(ECF No.6)**

**and**

**REMANDING PROCEEDINGS TO THE CIRCUIT COURT OF THE FIRST CIRCUIT,
STATE OF HAWAII**

Plaintiff brought suit in Circuit Court of the First

Circuit, State of Hawaii, against his former employer Hawaii

Carpenters Union Local 745, his supervisor Ronald Taketa, and

other presently unnamed individuals and entities (collectively,

"Defendants").  Plaintiff claims Defendants unlawfully demoted

and terminated him in retaliation for his refusal to prepare and

submit fraudulent time records to the United States Department of

1

Labor.  Plaintiff alleges four state law causes of action: (1) violation of the Hawaii Whistleblowers' Protection Act; (2) unlawful termination as against public policy; (3) negligent infliction of emotional distress; and (4) tortious interference with a business relationship.

Defendants removed the action to Federal Court, asserting that Plaintiff's claims arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*.

The Motion before the Court moves to dismiss Plaintiff's Complaint on the grounds that Plaintiff fails to state a claim upon which relief can be granted as ERISA preempts each of his state law claims.

Defendants' Motion to Dismiss (ECF No. 6) is **DENIED.**

Proceedings are **REMANDED** to the Circuit Court of the First Circuit, State of Hawaii.


**PROCEDURAL HISTORY**

On July 21, 2015, Plaintiff Lance Yoshimura ("Plaintiff") filed a Verified Complaint in Circuit Court of the First Circuit, State of Hawaii.  (ECF No. 1).

On August 3, 2015, Defendants Hawaii Carpenters Union Local 745 and Ronald Taketa ("Defendants") filed a Notice of Removal to the United States District Court for the District of Hawaii. (ECF No. 1).

2

On August 5, 2015, Defendants filed a Motion to Dismiss Plaintiff's Complaint. (ECF No. 6).

On August 25, 2015, Plaintiff filed an Opposition to Defendants' Motion to Dismiss. (ECF No. 13).

On September 1, 2015, Defendants filed a Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss. (ECF No. 14).

On September 14, 2015, the Court held a hearing on Defendant's Motion to Dismiss. (ECF No. 15).

On September 17, 2015, Defendant Hawaii Carpenters Union Local 745 filed a counterclaim against Plaintiff. (ECF No. 16).


## BACKGROUND

**Plaintiff's Employment with the Union**

Plaintiff Lance Yoshimura ("Plaintiff") alleges that from 2000 until March 7, 2014, he was an employee of the Hawaii Carpenters Union Local 745 (the "Union"). (Complaint at ¶¶ 6; 19, ECF No. 1). According to Plaintiff, Defendant Ronald Taketa ("Taketa" or "Defendant Taketa") is the Union's Regional Council Head, Executive Secretary, and Treasurer. (Id. at ¶ 3). Plaintiff alleges that in early 2006, Taketa appointed him to the positions of Assistant Business Representative and Interim Marketing Development Director. (Id. at ¶ 6).

**The Department of Labor's Audit Notice**

Plaintiff contends that in July or early August 2011, the United States Department of Labor ("Department of Labor" or "DOL") notified the Union of an upcoming audit of the Union's Carpenters Apprenticeship and Training Trust Fund (the "Trust Fund"). (Complaint at ¶ 7, ECF No. 1). Plaintiff asserts that on August 4, 2011, Union employee Joy Nishino ("Nishino") indicated that the Union failed to keep contemporaneous time records for its Trust Fund. (Id. at ¶ 8). According to Plaintiff, a failure to keep accurate and complete time records meant that the Union would be unable to correlate hours purportedly dedicated to the Trust Fund with the amount of compensation paid from the Trust Fund to the Union. (Id.).

**The Time Record Falsification Scheme**

Plaintiff contends that in response to the Department of Labor's audit notice, Defendants sought to falsify time records by backdating them to cover the time period for which the Department of Labor was to audit. (Complaint at ¶ 11, ECF No. 1). Plaintiff alleges that Nishino and Defendant Taketa executed Defendants' plan. (Id. at ¶¶ 8-9). Nishino ordered the Union's Oahu Field and Service Representatives to prepare records that allocated 20% of their work hours to the Trust Fund. (Id.). Defendant Taketa commanded Plaintiff to instruct all Union

4

Business Representatives to create false time records.  (<u>Id.</u>).
Plaintiff avers that he repeatedly objected to the plan, citing
both his discomfort with the order and suspicion as to the
legality of the instruction.  (<u>Id.</u> at 9).

Plaintiff alleges that on or about August 12, 2011, he again
objected to Taketa concerning the Union's direction to falsify
time records.  (Complaint at ¶ 10, ECF No. 1).  Plaintiff
maintains that following their conversation, Defendant Taketa
retracted Nishino's 20% order.  (<u>Id.</u>).  Taketa directed that the
percentage increase from 20% to between 50% and 100% of hours
worked.  (<u>Id.</u>).  Plaintiff asserts that despite his protest to
Defendant Taketa, Taketa submitted the false time records to the
Department of Labor.  (<u>Id.</u> at ¶¶ 12-13).


**The Retaliation**

Plaintiff alleges that in the first half of 2012, Defendants
retaliated against him for his objection to the time record
scheme.  (Complaint at ¶ 14, ECF No. 1).  According to Plaintiff,
Defendants demoted him from Assistant Business Representative and
Interim Marketing Development Director to simply Marketing
Development Director.  (<u>Id.</u>).

Plaintiff asserts that on March 6, 2013, he filed a
complaint with the Department of Labor, which detailed
Defendants' falsification and submission of the time records.

(Complaint at ¶ 15. ECF No. 1).  Plaintiff avers that following his contact with the Department of Labor, he assisted with its investigation of his allegations.  (Id.).  Plaintiff alleges that on April 1, 2013, Defendant Taketa retaliated by removing Plaintiff from his position as a Trustee of the Trust Fund.  (Id. at ¶ 16).

Plaintiff alleges that on January 21, 2014, he submitted a second complaint, this time to the Federal Bureau of Investigation.  (Complaint at ¶ 18, ECF No. 1).  Plaintiff contends that on March 7, 2014, Defendants retaliated by terminating his employment with the Union.  (Id. at ¶ 19).

Plaintiff states that prior to objecting to Defendants' time record falsification scheme, he received positive annual performance reviews.  (Complaint at ¶ 20, ECF No. 1).


## STANDARD OF REVIEW

### Motion to Dismiss Standard

In evaluating a complaint pursuant to a motion to dismiss, the Court must presume all factual allegations to be true and draw all reasonable inferences in favor of the nonmoving party. Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987); see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (the complaint must be liberally construed, giving the plaintiff the benefit of all proper inferences); Wileman Bros. & Elliott, Inc. v.

Giannini, 909 F.2d 332, 334 (9th Cir. 1990).  Conclusory
allegations of law and unwarranted inferences, though, are
insufficient to defeat a motion to dismiss.  Pareto v. F.D.I.C.,
139 F.3d 696, 699 (9th Cir. 1998); In re VeriFone Securities
Litigation, 11 F.3d 865, 868 (9th Cir. 1993) (conclusory
allegations and unwarranted inferences are insufficient to defeat
a motion to dismiss for failure to state a claim); Western Mining
Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981), cert. denied,
454 U.S. 1031 (1981) (the Court does not "necessarily assume the
truth of legal conclusions merely because they are cast in the
form of factual allegations").  Additionally, the Court need not
accept as true allegations that contradict matters properly
subject to judicial notice or allegations contradicting the
exhibits attached to the complaint.  Sprewell v. Golden State
Warriors, 266 F.3d 979, 988 (9th Cir. 2001).


**Removal and Remand Standard**

When a plaintiff files in state court a lawsuit "of which
the district courts of the United States have original
jurisdiction," the defendant may remove the lawsuit to federal
court.  28 U.S.C. § 1441(a).  The party seeking to invoke the
jurisdiction of the Court has the burden of establishing that
jurisdiction exists.  Scott v. Breeland, 792 F.2d 925, 927 (9th
Cir. 1986).  The removal statute is construed narrowly against

removal and favors remand "to protect the jurisdiction of state
courts." <u>Harris v. Bankers Life & Cas. Co.</u>, 425 F.3d 689, 698
(9th Cir. 2005).  If the federal court lacks subject matter
jurisdiction to hear the removed case, the federal court must
remand that case to the applicable state court.  28 U.S.C. §
1447(c).  The federal court may remand the removed case on motion
of either party or *sua sponte*.  Fed.R.Civ.P. 12(b)(1);
Fed.R.Civ.P. 12(h)(3); <u>Emrich v. Touche Ross & Co.</u>, 846 F.2d
1190, 1194 n.2 (9th Cir. 1988) (stating, "[i]t is elementary that
the subject matter jurisdiction of the district court is not a
waivable matter and may be raised at anytime by one of the
parties, by motion or in the responsive pleadings, or *sua sponte*
by the trial or reviewing court").  Lingering doubts about the
validity of a case's removal are resolved in favor of remanding
the case to state court.  <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566
(9th Cir. 1992).

<u>**ANALYSIS**</u>

The thrust behind Defendants' Motion to Dismiss rests on the
theory that the Employee Retirement Income Security Act of 1974
("ERISA"), 29 U.S.C. § 1001 *et seq.*, preempts each and every
claim presented by Plaintiff.  Specifically, Defendants argue
that (1) ERISA's whistleblower protection mechanism completely
preempts Hawaii state law, 29 U.S.C. § 1132(a); and (2) Section

514(a) of ERISA expressly preempts Plaintiff's state law claims because Plaintiff's claims "relate to" an ERISA plan.[1]  29 U.S.C. § 1144(a).

## I. Complete Preemption Under ERISA

Section 510 of ERISA bars employers from retaliating "against any person because he has given information or has testified or is about to testify in any inquiry or proceeding relating to" ERISA.[2]  29 U.S.C. § 1140.  ERISA enforces Section 510 through Section 502(a),[3] which in turn provides an exclusive federal cause of action that completely preempts competing state laws.  Ingersoll Rand Co. v. McClendon, 498 U.S. 133, 144 (1990); Cleghorn v. Blue Shield of Cal., 408 F.3d 1222, 1225 (9th Cir. 2005).

The doctrine of complete preemption is an exception to the general rule that federal defenses do not provide a federal district court with federal question jurisdiction.  Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987).  In the context of ERISA, complete preemption is an unique animal because it is the only form of preemption that provides a federal court with

---

[1] Section 514(a) of ERISA is codified as 29 U.S.C. § 1144(a).

[2] Section 510 of ERISA is codified as 29 U.S.C. § 1140.

[3] Section 502(a) of ERISA is codified as 29 U.S.C. § 1132(a).

federal question jurisdiction to hear state law claims removed by a non-diverse defendant; anything less than complete preemption fails to independently afford federal question jurisdiction to a federal court. Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 944-947 (9th Cir. 2009). Complete preemption is so broad that any state law cause of action that duplicates, supplements, or supplants ERISA Section 502(a) is preempted. Aetna Health Inc. v. Davila, 542 U.S. 200, 209 (2004). Once complete preemption takes hold, the state cause of action essentially turns into a federal cause of action. Hashimoto v. Bank of Hawaii, 999 F.2d 408, 412 (9th Cir. 1993), as amended (Nov. 9, 1993).

Complete preemption under ERISA, however, only applies where a plaintiff's state law claims fall under the purview of ERISA Sections 502(a) or 510. See Metro. Life Ins. Co., 481 U.S. at 66. Sections 510 and 502(a) do not completely preempt state law claims built on theories that exist independently of an ERISA plan. Sorosky v. Burroughs Corp., 826 F.2d 794, 800 (9th Cir. 1987).


**A. The Two-Part Test of Complete Preemption**

The Ninth Circuit Court of Appeals follows a two-part inquiry when analyzing whether Section 502(a) of ERISA preempts a state law cause of action. Fossen v. Blue Cross & Blue Shield of

Montana, Inc., 660 F.3d 1102, 1107-1108 (9th Cir. 2011); Marin

Gen. Hosp., 581 F.3d at 946.  Under this inquiry, ERISA

completely preempts a state law claim if the plaintiff "(1) at

some point in time, could have brought the claim under ERISA §

[502(a)], and (2) where there is no other independent legal duty

that is implicated by a defendant's actions."  Marin Gen. Hosp.,

581 F.3d at 946 (internal quotations omitted) (quoting Davila,

542 U.S. at 210).

     In the case before the Court, ERISA does not completely

preempt Plaintiff's state law claims.


**1. Plaintiff's Factual Allegations Could Not Have Been Brought Under ERISA.**

     A plain reading of the Complaint demonstrates that Plaintiff

could not have brought any of his claims under Section 510 of

ERISA (and therefore Section 502(a)), because Plaintiff's claims

do not fall within the scope of Section 510.

     Section 510 prohibits retaliation against an individual

"because he has given information . . .  in any inquiry or

proceeding relating to [ERISA]."  29 U.S.C. § 1140.  Plaintiff's

internal objections and external complaints, as presented in the

Complaint, can be construed as having "given information."  See,

e.g., Edwards v. A.H. Cornell & Son, Inc., 610 F.3d 217, 222 (3d

Cir. 2010) (unsolicited complaining counts as "given information"

under ERISA Section 510).  The Complaint, however, does not

allege that Plaintiff provided information in a proceeding relating to ERISA.  See id. at 223 (describing "proceeding" as a formal action before  a court, tribunal, or agency).  At the time Plaintiff complained to the United States Department of Labor ("Department of Labor" or "DOL"), there was an audit, not a proceeding, in progress.  (ECF No. 1).

The Complaint does not allege that Plaintiff provided information "in any inquiry" relating to ERISA.  29 U.S.C. § 1140.  An unsolicited objection can qualify as providing information "in any inquiry," but only if that objection specifically alleges one or more violations of ERISA.  Hashimoto, 999 F.2d at 411.  Defendants' Motion relies on Hashimoto. Hashimoto involved a plaintiff who repeatedly expressed her concerns about "potential and/or actual violations . . . of the reporting and disclosure requirements and fiduciary standards of ERISA."  Id. at 409.

Plaintiff's Complaint contains no objection specifically referencing an ERISA violation.  Plaintiff reported his discomfort and concern with the legality of ordering employees to falsify time records, (Complaint at ¶ 9, ECF No. 1), his opposition to preparing and submitting fraudulent records to the Department of Labor, (id. at ¶ 12), and his desire for the Hawaii Carpenters Union Local 745 (the "Union") to "'come clean'." (Id.).  Each of these allegations challenges ordinary dishonest

12

behavior.  None of Plaintiff's claims assert ERISA violations.
Cf. Hashimoto, 999 F.2d at 409.

Plaintiff's unsolicited report to, and subsequent
cooperation with, the Department of Labor fail to allege any
contention that Defendants violated ERISA.  Id.  Similarly,
Plaintiff's report to the Federal Bureau of Investigation
references a far more generalized concern than that of a Union
ERISA violation.  Plaintiff states he was worried about being
prosecuted for "participat[ing] in a scheme to create fraudulent
records."  (Complaint at ¶ 31, ECF No. 1).  As it currently
stands, Plaintiff's Complaint does not state a claim under
Section 510 because his objections and reports did not
specifically allege one or more violations of ERISA.  Hashimoto,
999 F.2d at 411.

A Section 510 action requires more than a mere contextual
relationship between ERISA and the Complaint's factual
allegations.  See Sorosky, 826 F.2d at 800.  A contrary finding
would eviscerate the boundaries between ERISA and all other
statutes of general application, and would extend ERISA's reach
beyond Congress' intent of creating a uniform regime that
regulates employee benefit plans.  Davila, 542 U.S. at 208.

Since Plaintiff's claims do not fall within the scope of
ERISA Section 510 (and therefore Section 502(a)), they do not
satisfy the first part of the Ninth Circuit Court of Appeals's

complete preemption test.  See Marin Gen. Hosp., 581 F.3d at 948
(noting that "[a] state-law cause of action is preempted by §
502(a)[] only if both prongs of the test are satisfied").

    In light of the fact that the parties are non-diverse, the
Court is left without subject matter jurisdiction to adjudicate
the substance of Plaintiff's case.  In the interest of
thoroughness, however, the Court will also explain why
Plaintiff's state law claims are not subject to express
preemption by ERISA Section 514.


## II. Express Preemption Under ERISA

    Section 514(a) of ERISA preempts "any and all State laws
insofar as they . . . relate to any [ERISA] plan."  29 U.S.C. §
1144(a).  At its core, a state law cause of action "relate[s] to"
an ERISA plan if it *either* makes "reference to" or holds a
"connection with" an ERISA plan.  Cal. Div. of Labor Standards
Enforcement v. Dillingham Constr., N.A., Inc., 519 U.S. 316, 324
(1997).

    The language behind ERISA's express preemption power has a
broad reach, but its scope is not infinite.  New York State
Conference of Blue Cross & Blue Shield Plans v. Travelers Ins.
Co., 514 U.S. 645, 655 (1995).  The Supreme Court has cautioned
courts against finding express preemption with unqualified
fervor, for "[i]f 'relate to' were taken to extend to the

furthest stretch of its indeterminacy, then for all practical purposes pre-emption would never run its course." Id. Pursuant to the Supreme Court's rubric, lower courts presume that ERISA does not preempt state laws in areas of traditional state concern, unless Congress clearly expresses otherwise. Dillingham Const., 519 U.S. at 330.  Section 514(a) of ERISA, therefore, does not preempt a state law claim that bears nothing more than a tenuous or peripheral connection to an ERISA plan.  Travelers Ins. Co., 514 U.S. at 661.


**A. The "Reference To" Prong**

A state law cause of action makes "reference to" an ERISA plan if (1) the state law cause of action "acts immediately and exclusively upon ERISA plans"; and (2) adjudication of the state law cause of action requires an ERISA plan to exist.  Paulsen v. CNF Inc., 559 F.3d 1061, 1082 (9th Cir. 2009) (quoting Golden Gate Rest. Ass'n v. City & County of San Francisco, 546 F.3d 639, 657 (9th Cir. 2008)).  The precise and narrow language of this test restricts its application to a limited number of circumstances.  See Rutledge v. Seyfarth, Shaw, Fairweather & Geraldson, 201 F.3d 1212, 1216 (9th Cir.) *opinion amended on denial of reh'g*, 208 F.3d 1170 (9th Cir. 2000) (abrogated on other grounds) (declaring that the "reference to" prong did not apply).

15

Plaintiff's Complaint hinges on four state law causes of
action: (1) violation of the Hawaii Whistleblowers' Protection
Act, Haw. Rev. Stat. § 378-62; (2) unlawful termination as
against public policy, pursuant to Parnar v. Americana Hotels,
Inc., 652 P.2d 625 (1982); (3) negligent infliction of emotional
distress; and (4) tortious interference with a business
relationship.  As alleged in his Complaint, none of Plaintiff's
causes of action "acts immediately and exclusively upon ERISA
plans."  Paulsen, 559 F.3d at 1082.  Plaintiff's claims are based
on either common law or Hawaii statutory law, all of which
operate independent of ERISA, and none of which *exclusively*
target ERISA plans.  Id.

Similarly, a plain reading of Plaintiff's Complaint shows
his claims do not rise or fall with the existence of the Union's
Carpenters Apprenticeship and Training Trust Fund (the "Trust
Fund").  Cf. Poffenbarger v. Hawaii Mgmt. Alliance Ass'n, 892 F.
Supp. 2d 1288, 1298 (D. Haw. 2012) (ERISA expressly preempts
state claims that depend on the existence of an ERISA plan).
Plaintiff's Complaint is based on a theory that Defendants
punished him for refusing to participate in an alleged
falsification of time records, and for reporting Defendants'
scheme to multiple governmental entities.  Plaintiff's Complaint
avers a general retaliation theory that would find a home in any
number of settings, regardless of the existence of the Trust Fund

16

or any other ERISA plan.  The "reference to" prong, therefore,
does not apply to Plaintiff's Complaint.  See Rutledge, 201 F.3d
1212 at 1216.


**B. The "Connection With" Prong**

To determine whether a state law cause of action holds a
prohibited "connection with" an ERISA plan, the Ninth Circuit
Court of Appeals utilizes a "relationship test."  Paulsen, 559
F.3d at 1082-1083.  The "relationship test" asks whether the
plaintiff's state law claim intrudes on ERISA-regulated
relationships.  Id.  There is no checklist of characteristics.
Rutledge, 201 F.3d at 1216.  Ascertaining whether a state law
claim has an impermissible "connection with" an ERISA plan,
therefore, rests on a broad analysis that considers ERISA's
objectives and the state law claim's effect on ERISA plans.  Id.

Congress enacted Section 514(a) of ERISA to ensure that a
uniform body of law governs ERISA plan administration and ERISA-
regulated relationships.  Travelers Ins. Co., 514 U.S. at 656.
In the context of express preemption, one commonly recognized
ERISA-regulated relationship is that between employer and
employee, to the extent that an ERISA plan is at issue.  Paulsen,
559 F.3d at 1083.  ERISA does not regulate aspects of an
employment relationship that are substantively unrelated to an
ERISA plan.  Gen. Am. Life Ins. Co. v. Castonguay, 984 F.2d 1518,

1522 (9th Cir. 1993).   This maxim holds true even if the
relationship bears a tertiary or contextual connection to an
ERISA plan.   <u>Geweke Ford v. St. Joseph's Omni Preferred Care
Inc.</u>, 130 F.3d 1355, 1359-1360 (9th Cir. 1997).

Plaintiff's Complaint alleges state law claims that do not
intrude on ERISA-regulated relationships.   The fact that
Plaintiff's Complaint is set in the context of an Department of
Labor ERISA audit holds little substantive weight when the
essence of Plaintiff's allegations is derived from an employment
relationship that "operates just like any other commercial
entity." <u>Paulsen</u>, 559 F.3d at 1082 (quoting <u>Castonguay</u>, 984 F.2d
at 1522 (internal quotations omitted)).   Plaintiff's Complaint
paints an unexceptional picture of an employer who allegedly
punished an employee for refusing to follow a scheme to falsify
records.   (Complaint at ¶¶ 9; 12; 15; 31, ECF No. 1).
Plaintiff's causes of action stem from two general allegations:
(1) Defendants' demand that Plaintiff participate in the
falsification of time records; and (2) Defendants' retaliation
for Plaintiff's refusal to comply.   (<u>Id.</u> at ¶¶ 31-32).

An examination of Plaintiff's factual allegations does not
require any interpretation of ERISA.   <u>Cf.</u> <u>Hashimoto</u>, 999 F.2d at
411 (holding that ERISA preempts state law claims that
necessitate an interpretation of ERISA or an ERISA plan).   An
adjudication of Plaintiff's Complaint, therefore, poses no danger

18

of an impermissible interference with the administration of
ERISA.  Arizona State Carpenters Pension Trust Fund v. Citibank
(Arizona), 125 F.3d 715, 722 (9th Cir. 1997).  Taken as true,
Plaintiff's factual allegations bring forth causes of action
traditionally overseen by the individual states and not by ERISA.
See Paulsen, 559 F.3d at 1083.  Plaintiff's Complaint supports
nothing more than a tenuous or peripheral connection to an ERISA
plan.  Travelers Ins. Co., 514 U.S. at 661.  ERISA Section
514(a) does not expressly preempt Plaintiff's state law claims.


**III. Remand is Proper in this Case**

       ERISA does not completely preempt Plaintiff's claims because
Plaintiff's claims do not fall within the scope of ERISA Section
510.  Marin Gen. Hosp., 581 F.3d at 946.  The parties are non-
diverse.  Complete preemption does not apply.  The Court lacks
subject matter jurisdiction to adjudicate the parties' case.

       The Court's conclusion that it has no subject matter
jurisdiction is not changed by the Union's counterclaim against
Plaintiff.  (ECF No. 16).  The Union's counterclaim asserts a
federal claim under the Labor-Management Reporting and Disclosure
Act of 1959, 29 U.S.C. 401 et seq.  (Counterclaim at ¶ 2, ECF No.
16).  A counterclaim cannot serve as a basis for a district
court's federal question jurisdiction.  Vaden v. Discover Bank,
556 U.S. 49, 66 (2009); Holmes Grp., Inc. v. Vornado Air

19

Circulation Sys., Inc., 535 U.S. 826, 830-831 (2002).

Pursuant to 28 U.S.C. § 1447(c), a case shall be remanded if at any time before final judgment it appears that the district court lacks subject matter jurisdiction.  This case is remanded to the Circuit Court of the First Circuit, State of Hawaii.


## CONCLUSION

ERISA does not completely preempt Plaintiff's claims because they do not fall within the scope of ERISA Section 510, 29 U.S.C. § 1140.  In addition, ERISA does not expressly preempt Plaintiff's claims because they do not encroach on ERISA-regulated relationships.

Since complete preemption does not apply and the parties are non-diverse, the Court has no subject matter jurisdiction to adjudicate Plaintiff's case.


Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 6) is **DENIED**.

The case is **REMANDED** to the Circuit Court of the First Circuit, State of Hawaii for further proceedings.

The Clerk of Court is directed to transfer this case and all files herein to the Circuit Court of the First Circuit, State of Hawaii, for further proceedings.


IT IS SO ORDERED.

DATED:    Honolulu, Hawaii, October 15, 2015.



/s/ Helen Gillmor

Helen Gillmor
United States District Judge

Lance Yoshimura v. Hawaii Carpenters Union Local 745 nka The Hawaii Regional Council of Carpenters; Ronald I. Taketa; John Does 1-10; Jane Does 1-10; Doe Partnerships 1-10; Doe Corporations 1-10; and Doe Governmental Entities 1-10, Civil No. 15-00292 HG-RLP, **ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT (ECF No.6) and REMANDING PROCEEDINGS TO THE CIRCUIT COURT OF THE FIRST CIRCUIT, STATE OF HAWAII.**